JOHN ALLEN V. THE STATE.

No. 10975.   Delivered June 15, 1927.

Rehearing denied October 19, 1927.

1.—Murder—Judgment and Sentence—Reformed.

The judgment and sentence herein being incorrect, is now reformed to read that the appellant shall be confined in the penitentiary for not less than five nor more than twelve years, and as reformed is affirmed.

ON REHEARING.

2.—Same—Continuance—Refusal Of—No Error Shown.

Where appellant complains of the refusal of his application for a continuance and there is nothing in the record which discloses that said application was ever presented to the court below, nor any order overruling such application, nor any bill of exception complaining of such refusal, no error is presented.

3.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exception complains of the refusal of a new trial, and the bill of exception fails to set out the testimony before the court which the record discloses was heard on the motion, this court is unable to pass upon the action of the trial court intelligently.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkerson, Judge.

Appeal from a conviction of murder, penalty twelve years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murdering one R. T. Blalock on or about May 10, 1923, and his punishment assessed at twelve years in the penitentiary.

The record is before us without a statement of facts or bills of exception, but discloses that the trial court, in sentencing appellant, ignored the provisions of the indeterminate sentence law and ordered that he be confined in the penitentiary for twelve years. The sentence is now reformed so as to read that the appellant shall be confined in the penitentiary for not less than five nor more than twelve years.

Finding no reversible error in the record, the judgment of the trial court, as reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews complaint of the overruling of his application for continuance. We have again examined the record. While there appears in same an application for continuance, there is nothing to show that said application was ever presented to the court below, nor is there any order overruling such application, nor any bill of exceptions complaining of such refusal. In order for this court to consider the supposed error of the refusal of a continuance, it must appear that the same was presented, refused, and such refusal excepted to.

Appellant presented a motion for new trial, which was overruled. The order of the court overruling said motion recites that the court heard said motion "and the evidence thereon submitted," and is of the opinion that same should be overruled. We fail to find in the record any bill of exceptions setting out the testimony that was heard by the court upon the presentation of said motion. In the absence of such testimony being brought before us in some way, we are unable to decide whether the court erred in overruling said motion.

The motion for rehearing is overruled.  *Overruled.*